# NO. 12-23-00241-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GAVIN CURL,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Gavin Curl appeals his conviction for injury to a child. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with injury to a child. The indictment further alleged that Appellant previously was convicted of aggravated assault with a deadly weapon. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

The evidence at trial indicates that, on July 27, 2021, Smith County Sheriff's Deputy Alex Ortiz responded to a request for a wellness check based on a report from a relative that G.C., who was thirteen years old at the time, was "trying to fight" Appellant, his father. Ortiz testified that, upon his arrival, he heard Appellant inside the home "hollering" and "yelling" in an agitated way and observed a young lady crouched in fear outside the home. Ortiz stated that he soon encountered Appellant, who denied that there was any physical altercation with G.C., as well as G.C.'s mother, Kiley Cassell, who, according to Ortiz, told him Appellant assaulted her by pinning

her against a wall with one hand around her neck. Cassell further related to Ortiz that during this time, GC got between them. Ortiz noted that G.C. had an injury, which he documented.

Cassell testified that Appellant held her against a wall with his hands on her neck. She further testified that when G.C. tried to intervene, Appellant intentionally threw him into a wall, causing an injury to his head. G.C.'s testimony largely is consistent with Cassell's testimony. But he recounted how Appellant threw him against a wall as he was re-entering the home following the initial altercation. He also described the injury to his head as painful, particularly so on the following day.

Appellant testified on his own behalf. He did not deny that the altercation occurred but, instead, stated that he was "mad" at the time because Cassell was texting another man with whom she had a "history," and he "lost it for a second." He further stated that he acted recklessly rather than intentionally when he "caused [G.C.] to hit the wall."

After the close of evidence and argument of counsel, the jury found Appellant "guilty" as charged. The matter proceeded to a trial on punishment, at which Appellant pleaded "true" to the enhancement allegation. Ultimately, the trial court found the enhancement allegation to be "true" and sentenced Appellant to imprisonment for twenty years. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well-acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We likewise have reviewed the record for reversible error and found none.

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

## CONCLUSION

As required by **Stafford v. State**, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we ***grant*** Appellant's counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2024**

**NO. 12-23-00241-CR**

**GAVIN CURL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0647-22)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*